1   LAWRENCE M. SCHWAB (Bar No. 085600)
    THOMAS A. BURG (Bar No. 211937)
2   Bialson, Bergen & Schwab
    633 Menlo Ave., Suite 100
3   Menlo Park, CA 94025
    Telephone:  (650) 857-9500
4   Facsimile  (650) 494-2738
    lschwab@bbslaw.com
5   tburg@bbslaw.com

6   Attorneys for Plaintiff
    CISCO SYSTEMS CAPITAL CORPORATION
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11
    CISCO SYSTEMS CAPITAL                 CASE NO.
12  CORPORATION, a Nevada corporation;
                                          COMPLAINT FOR:
13             Plaintiff,                 1.  BREACH OF CONTRACT;
                                          2.  ACCOUNT STATED (COMMON COUNT);
14        v.                              3.  OPEN BOOK ACCOUNT (COMMON
                                              COUNT)
15  TELESPACE, LLC; a Texas limited
    liability company; and GENESIS
16  NETWORKS ENTERPRISES, LLC, a          (JURY TRIAL DEMANDED)
    Texas limited liability company;
17
               Defendants.
18

19
         Plaintiff Cisco Systems Capital Corporation ("Cisco Capital") alleges as follows:
20
                         **JURISDICTION AND VENUE**
21
         1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The
22
    amount in controversy exceeds $75,000.00.
23
         2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that,
24
    among other things, a substantial part of the events or omissions giving rise to the claims herein
25
    occurred in this judicial district and defendants Telespace, LLC ("Telespace") and Genesis
26
    Networks Enterprises, LLC ("Genesis") consented to the jurisdiction of this Court in the
27
    underlying agreement between the parties.
28

                                       - 1 -                      COMPLAINT

**INTRADISTRICT ASSIGNMENT**

3.    Assignment to the San Jose Division of this Court is appropriate under Local Rule 3-2(c).

**NATURE OF ACTION**

4.    This action is brought to enforce the terms of a settlement agreement executed by Telespace and Genesis. In the settlement agreement Telespace and Genesis agreed to make payments to Cisco Capital. Telespace and Genesis failed to fulfill their payment obligations and, as a result, Cisco Capital was forced to bring the present action.

**THE PARTIES**

5.    Cisco Capital is a Nevada Corporation with its principal place of business in San Jose, California.

6.    Upon information and belief, Telespace is a Texas Limited Liability Company with its principal place of business in San Antonio, Texas.

7.    Upon information and belief, Genesis is a Texas Limited Liability Company with its principal place of business in San Antonio, Texas.

**FACTS UNDERLYING THE CLAIMS FOR RELIEF**

8.    Cisco Capital realleges paragraphs 1-7 as if set forth herein.

9.    Cisco Capital is a leading provider of financing solutions for telecommunications and computer networking equipment.

10.    Upon information and belief, Telespace is a provider of cloud-based networking services.

11.    Upon information and belief, Genesis is a networking solutions provider and is the parent entity of Telespace.

12.    On March 19, 2015, Telespace and Genesis, on the one hand and Cisco Capital, on the other hand, entered into the Settlement, Lease and Guaranty Termination Agreement and Mutual Release (the "Settlement Agreement). A true and correct copy of the Settlement Agreement is attached as Exhibit A. The Exhibits to the Settlement Agreement are voluminous and will be provided at a later date. In the Settlement Agreement, Telespace and Genesis

    COMPLAINT

acknowledged that they were "currently jointly and severally indebted to Cisco Capital in the amount of Five Million, Three Hundred Forty-Five Thousand, Seven Hundred and Sixty-One Dollars and Thirty-Five Cents ($5,345,761.35)" (referred to in the Settlement Agreement as the "Outstanding Obligation").

13.     In Section 2 of the Settlement Agreement, Telespace and Genesis agreed to make a payment of $4,300,000.00 (the "Settlement Payment") to Cisco Capital on or before August 1, 2015.  On October 9, 2015, the parties amended the Settlement Agreement (the "Amendment") to provide that Telespace and Genesis made a payment of $500,000.00 on September 21, 2015 and would make a final payment of $3,800,000.00 on or before December 17, 2015.  A true and correct copy of the Amendment is attached as Exhibit B.

14.     The parties agreed in the Settlement Agreement as amended, that if Telespace and Genesis failed to comply with their payment obligations, the amount of the Outstanding Obligation, less payments made by Telespace and Genesis, would represent the amount of Telespace and Genesis' joint and several liability to Cisco Capital pursuant to the Settlement Agreement and the Amendment.

15.     On December 17, 2015, Telespace and Genesis made a payment of $1,266,666.67 and, on August 5, 2016, Telespace and Genesis made a payment of $100,000.00.  However, Telespace and Genesis failed to fully comply with their payment obligations under the Settlement Agreement as amended.

16.     As of the date of this complaint Telespace and Genesis remain obligated to Cisco Capital in the principal amount of $3,479,094.68 pursuant to the Settlement Agreement as amended.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)
(Against All Defendants)

17.     Cisco Capital realleges paragraphs 1-16 as if set forth herein.

18.     The Settlement Agreement, as amended, is a valid and enforceable contract.

19.     Cisco Capital performed all of the conditions, covenants and obligations required of it under the Settlement Agreement and the Amendment except to the extent that such

COMPLAINT

1   performance was prevented, waived or excused by Telespace's and/or Genesis's conduct.

2       20.     Telespace and Genesis breached the Settlement Agreement, as amended, by the

3   acts herein alleged.

4       21.     Telespace's and Genesis' breaches of the Settlement Agreement, as amended, have

5   proximately caused harm and damage to Cisco Capital in an amount in excess of $3,479,094.68

6   to be proven at trial.

7       WHEREFORE, Cisco Capital prays for judgment as set forth below.

8                          **SECOND CLAIM FOR RELIEF**
                            (Account Stated (Common Count))
9                              (Against All Defendants)

10      22.     Cisco Capital realleges paragraphs 1-21 as if set forth herein.

11      23.     As described above, there is now owing an account stated in writing between

12  Cisco Capital, on the one hand, and Telespace and Genesis, on the other hand, in the amount of

13  $3,479,094.68.

14      24.     Neither all nor part of that sum has been paid, although demand has been made.

15  As a result, there is now due, owing and unpaid the sum of $3,479,094.68, with interest as

16  allowed by law.

17      WHEREFORE, Cisco Capital prays for judgment as set forth below.

18                          **THIRD CLAIM FOR RELIEF**
                            (Open Book Account (Common Count))
19                             (Against All Defendants)

20      25.     Cisco Capital realleges paragraphs 1-24 as if set forth herein.

21      26.     Within the past four years, Telespace and Genesis became indebted to Cisco

22  Capital on an open book account for money due in the sum of $3,479,094.68 which Telespace

23  and Genesis agreed to pay.

24      27.     The sum has not been paid although a demand therefor has been made, and there is

25  now due, owing and unpaid the sum of $3,479,094.68 with interest as allowed by law.

26                          **PRAYER FOR RELIEF**

27      WHEREFORE Cisco Capital prays for judgment against Telespace and Genesis as

28  follows:

1.     For damages according to proof at trial, with interest as allowed by law;

2.     For pre and post judgment interest on the damages according to proof;

3.     For costs of suit including reasonable attorneys fees;

4.     For such other and further relief as this Court deems just and proper.

Dated: October 11, 2016                  BIALSON, BERGEN & SCHWAB
A Professional Corporation


By:  /s/ Thomas A. Burg
    THOMAS A. BURG
    Attorneys for Plaintiff
    CISCO SYSTEMS CAPITAL CORPORATION

COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2          Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Cisco Capital hereby demands

3    a jury trial on all issues triable by a jury.

4    Dated:  October 11, 2016                    BIALSON, BERGEN & SCHWAB

5

6                                                By:   /s/ Thomas A. Burg
                                                 THOMAS A. BURG
7                                                Attorneys for Plaintiff
                                                 CISCO SYSTEMS CAPITAL CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

**EXHIBIT "A"**

## SETTLEMENT, LEASE AND GUARANTY TERMINATION AGREEMENT
## AND MUTUAL RELEASE

This Settlement, Lease and Guaranty Termination Agreement and Mutual Release (hereinafter the "Agreement") is entered into by and between Cisco Systems Capital Corporation (hereinafter "Cisco Capital"), Telespace, LLC (hereinafter "Telespace") and Genesis Networks Enterprises, LLC (hereinafter "Genesis") as of March 19, 2015 (the "Effective Date"). Cisco Capital, Telespace and Genesis are sometimes referred to herein individually as "Party" or collectively as "Parties".

### RECITALS

A.      On April 25, 2012, Cisco Capital and Telespace entered into Master Agreement to Lease Equipment No. 9737 and related documents (collectively, the "Lease Agreement") wherein Cisco Capital agreed to lease to Telespace various products and services (the "Equipment").

B.      On May 1, 2012, Genesis executed a Guaranty (hereinafter, the "Guaranty") wherein Genesis agreed to unconditionally guarantee Telespace's payment and other obligations under the Lease Agreement.

C.      A dispute subsequently arose between the Parties with respect to the performance of their respective obligations under the Lease Agreement and the Guaranty and on July 10, 2014, Cisco Capital filed an action against Telespace and Genesis in the United States District Court, Northern District of California (Case No. 5:14-cv-03137 PSG) (the "Action"). On July 30, 2014, Cisco Capital voluntarily dismissed the Action.

D.      Telespace is currently in default of its payment obligations under the Lease Agreement, and Telespace and Genesis acknowledge and agree that they are currently jointly and severally indebted to Cisco Capital in the amount of Five Million, Three Hundred Forty-Five Thousand, Seven Hundred and Sixty-One Dollars and Thirty-Five Cents ($5,345,761.35) (the "Outstanding Obligation").

The Parties now desire to resolve all issues concerning the Lease Agreement, the Guaranty and the Action on the terms set forth herein.

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, the Parties agree as follows:

### AGREEMENT

1.      Recitals. The Recitals set forth above form an integral part of this Agreement and are incorporated fully herein.

2.      Performance.

(a)      On or before August 1, 2015, Telespace shall pay to Cisco Capital the sum of Four Million, Three Hundred Thousand Dollars ($4,300,000.00) (the "Settlement Payment"). The Settlement Payment shall be made by wire transfer as follows:

**Cisco System Capital Corporation**
**c/o Bank of America**
**Account# 1233124070**
**ABA# 026009593**

1

(b)    Within thirty (30) days following the receipt of the Settlement Payment, Cisco Capital shall provide to Telespace a fully executed copy of a bill of sale (the "Bill of Sale") for the equipment leased to Telespace under the Lease Agreement.

3.    Default and Confession of Judgment. Together with an executed copy of this Agreement, Telespace and Genesis shall deliver fully executed copies of the Confession of Judgment Statements and Attorney Declaration in the forms attached hereto as Exhibit A. If the Settlement Payment is not received by August 1, 2015, such non-compliance shall constitute an "Event of Default" under the terms of this Agreement. Cisco Capital shall provide Telespace and Genesis with notice of the occurrence of any Event of Default, to be transmitted by e-mail as follows:

James Goodman
Email: james.goodman@genesisnet.com

If payment is not received by the third calendar day following the email transmission of notice of an Event of Default, Telespace and Genesis agree that: (i) Cisco Capital shall be entitled to file with the court the Confession of Judgment Statements attached as Exhibit A; (ii) in accordance with the terms of Section 6 below, the Outstanding Obligation shall become immediately due and payable to Cisco Capital and; (iii) the Outstanding Obligation represents the amount of Telespace's and Genesis' joint and several liability to Cisco Capital pursuant to the terms of the Lease Agreement and of this Agreement.

4.    Termination of Lease Agreement and Guaranty. Except as otherwise provided in this Agreement, Cisco Capital, Genesis and Telespace hereby acknowledge and agree that the Lease Agreement, any other agreements pursuant thereto and the Guaranty will be terminated as a part of this Agreement upon receipt of the Settlement Payment by Cisco Capital. For avoidance of doubt, and except as otherwise provided in this Agreement, the provisions of the Lease Agreement and the Guaranty shall be of no further force and effect whatsoever on and after the date the Settlement Payment is received by Cisco Capital.

5.    Release. In consideration of the covenants undertaken herein, and except for those obligations created by or arising out of this Agreement, Cisco Capital, on the one hand and Telespace and Genesis, on the other hand, hereby release, absolve and discharge the other and its and their successors and assigns, parent, subsidiaries, divisions and affiliated corporations, past and present, as well as its and their trustees, directors, officers, shareholders, agents, attorneys, insurers and employees, past and present, and each of them (hereinafter collectively referred to as "Released Parties"), with respect to and from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, wages, obligations, debts, expenses, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which either Cisco Capital, on the one hand and Telespace and Genesis, on the other hand, now own or hold or have at any time heretofore owned or held as against said Released Parties, or any of them, arising out of or in any way connected with the Lease Agreement, the Guaranty, the Equipment or that were made or could have been made in the Action.

In making this release, and subject to and with the exception of the rights, obligations and remedies in this Agreement, the Parties knowingly, intentionally and expressly waive the provisions of California Civil Code Section 1542 which states:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her, must have materially affected his or her settlement with the debtor."**

2

6.     Revival.  Notwithstanding the language of any other provision of this Agreement, this Agreement constitutes an accord and satisfaction rather than a novation and the releases set forth herein and the termination of the Lease Agreement and the Guaranty are expressly conditioned upon the satisfaction of Telespace's obligations as set forth in this Agreement.  If Telespace's obligations pursuant to this Agreement are not performed or if all or any portion of this Agreement is avoided or set aside in any bankruptcy, receivership, assignment for the benefit of creditors or any other insolvency proceeding, wherein Telespace or Genesis is the debtor, or otherwise, all of Telespace's and Genesis' obligations, liabilities, and indebtedness owing to Cisco Capital shall not be deemed discharged and shall be revived and reinstated in their entirety as they existed immediately prior to the execution of this Agreement including, but not limited to, the liability of Telespace and Genesis to Cisco Capital in the amount of the Outstanding Obligation.

7.     Integration.  This Agreement contains the entire agreement and understanding between the Parties relating to the subject matter hereof.  No Party hereto is relying upon any promise, representation, conduct or consideration not expressly set forth in this Agreement.  No alteration, amendment, supplementation, modification or waiver of any of the terms or provisions of this Agreement shall be binding or effective for any purpose, unless made pursuant to a written instrument signed by a duly authorized representative of each of the Parties.

8.     Severability.  If any provision of this Agreement is held invalid or unenforceable by any court of final jurisdiction, it is the intent of the Parties that all other provisions of this Agreement be construed to remain fully valid, enforceable and binding on the Parties.

9.     No Prior Assignment.  Each Party represents that it has not heretofore assigned or transferred, or purported to assign or transfer any claim or right as against the other Party to any other person not a party hereto and is fully entitled to compromise and settle the same.  Each of the Parties further agrees to indemnify and hold harmless the other Party from and against any claim, debt, liability, demand, obligation, costs, expense, damages, action, or cause of action, including reasonable attorneys' fees and costs incurred, arising out of, or in connection with any such assignment or transfer.

10.     Successors-in-Interest.  This Agreement shall be binding upon and shall inure to the benefit of each of the Parties and their successors and assigns; provided, however, that Telespace and Genesis may not assign this Agreement.

11.     Representations, Warranties and Covenants.  Each person executing this Agreement on behalf of a Party warrants and represents that such person: (i) is a duly authorized and appointed representative of such Party; (ii) has carefully read this Agreement and understands its contents; (iii) has consulted with or has had the opportunity to consult with an attorney of his or her choosing and is relying upon legal advice in entering into this Agreement voluntarily; and (iv) has the authority to sign and execute this Agreement.

12.     Attorneys' Fees and Costs.  The Parties agree that in the event of any legal or equitable action or arbitration proceeding required to enforce or defend the Agreement, the prevailing party, as that term is defined by California Civil Code § 1717, shall be entitled to an award of its attorneys' fees, costs, and expenses incurred in connection with the enforcement or defense of this Agreement, in addition to any other damages it may suffer as a result of the violation or breach of this Agreement, or other relief to which it may be entitled.

13.     Counterparts.  This Agreement may be executed in counterparts and by facsimile signature with the same force and effect as if all original signatures were set forth in a single document. This Agreement shall not be binding until signed by all Parties.

3

14.    <u>Further Assurances</u>.  Each Party hereby agrees to, on request of the other Party, to perform all acts reasonably necessary, including execution of further documents, to effectuate the intent of this Agreement.

15.    <u>Headings</u>.  The headings of each section of this Agreement are for convenience only and shall not define or limit the provisions thereof.

16.    <u>No Presumption Against Drafting Party</u>.  This Agreement and the provisions contained herein shall not be construed or interpreted for or against any Party hereto because said Party drafted or caused the Party's legal representative to draft any of the provisions.

17.    <u>Governing Law and Venue</u>.  This Agreement shall be governed by and construed under the laws of the State of California, without giving effect to conflicts of law principles.  All disputes or actions arising in connection herewith shall be referred to the federal and/or state courts located in San Jose, California under the appropriate rules thereto.

16.    <u>Confidentiality</u>.  The Parties agree that the terms of this Agreement are confidential and shall not be disclosed to any person or entity, except: (a) to their accountants, auditors, insurers, and attorneys, as may be necessary; or (b) as may be required by a validly served subpoena or discovery request, court order, or governmental requirement, following notice to the other Party sufficient to allow that other Party a reasonable opportunity to object to disclosure.

WHEREFORE, the Parties have executed this Agreement.

Dated: March 3], 2015                         **Telespace, LLC**

By: _James Carter_ _____

Name: <u>James Goodman</u>

Title: <u>Owner</u> _____

Dated: March 3], 2015                         **Genesis Networks Enterprises, LLC**

By: _James Carter_ _____

Name: <u>James Goodman</u>

Title: <u>Chief Executive Officer</u> _____

4

April 20

Dated: March ___, 2015

**Cisco Systems Capital Corporation**

By: _____

Name: _____
       Deborah Baker

Title: _____
      Senior Director, AMS Operations

5

**EXHIBIT "B"**

## AMENDMENT TO MARCH 19, 2015 SETTLEMENT, LEASE AND GUARANTY
## TERMINATION AGREEMENT AND MUTUAL RELEASE

This Amendment ("Amendment") to the March 19, 2015 Settlement, Lease and Guaranty Termination Agreement and Mutual Release (hereinafter the "Agreement") is entered into by and between Cisco Systems Capital Corporation (hereinafter "Cisco Capital"), Telespace, LLC (hereinafter "Telespace") and Genesis Networks Enterprises, LLC (hereinafter "Genesis") as of September 21, 2015 (the "Amendment Effective Date"). Cisco Capital, Telespace and Genesis are sometimes referred to herein individually as "Party" or collectively as "Parties". Unless otherwise provided, defined terms used in this Amendment shall have the same meaning as used in the Agreement.

**WHEREAS,** the Parties previously entered into the Agreement effective March 19, 2015;

**NOW THEREFORE,** the Parties agree to amend the Agreement as follows:

1.      Section 2 of the Agreement shall be amended to read as follows:

"2.    Performance.

(a)    Telespace shall pay to Cisco Capital the sum of Four Million Three Hundred Thousand and No/100 Dollars ($4,300,000.00) (the "Settlement Payment") as follows:

(i)    A payment of Five Hundred Thousand Dollars ($500,000.00) was made on on September 21, 2015, receipt of which is hereby acknowledged by Cisco Capital, and;

(ii)    Three Million Eight Hundred Thousand Dollars ($3,800,000.00) (the "Final Payment") on or before December 17, 2015.

The Final Payment shall be made by wire transfer as follows:

**Cisco System Capital Corporation**
**c/o Bank of America**
**Account# 1233124070**
**ABA# 026009593**

(b)    Within thirty (30) days following the receipt of the Final Payment, Cisco Capital shall provide to Telespace and/or Genesis a fully executed bill of sale (the "Bill of Sale") for the Equipment leased to Telespace under the Lease Agreement."

2.      Section 3 of the Agreement shall be amended as follows:

"3.    Default and Confession of Judgment.  Telespace and Genesis shall deliver fully executed copies of the Confession of Judgment Statements and Attorney Declarations in the forms attached as **Exhibit B**. If the Final Payment is not received in accordance with Sections 2(a)(ii) of this Amendment above, such non-compliance shall constitute an "Event of Default" under the terms of the Agreement. Cisco Capital shall provide Telespace and Genesis with notice of the occurrence of any Event of Default, to be transmitted by e-mail as follows:

1

James Goodman
Email: james.goodman@genesisnet.com

Matthew Stern, Esq.
Tuggey McCutcheon, LLP
Email: matt@tuggeyllp.com

If the Final Payment is not received by the third calendar day following the email transmission of notice of an Event of Default, Telespace and Genesis agree that: (i) Cisco Capital shall be entitled to file with the court the Confession of Judgment Statements and Attorney Declarations attached to this Amendment as **Exhibit B**; (ii) in accordance with the terms of Section 6 of the Agreement, the amount of $4,845,761.35 shall become immediately due and payable, and; (iii) the amount of $4,845,761.35 represents the amount of Telespace's and Genesis' joint and several liability to Cisco Capital pursuant to the terms of the Lease Agreement and the Agreement. The amount of $4,845,761.35 represents the amount of the Outstanding Obligation less the $500,000.00 payment made by Telespace and Genesis on September 21, 2015."

3.      For the avoidance of doubt, the unconditional release of Cisco Capital set forth in Section 5 of the Agreement is reaffirmed and ratified and is in full force and effect and the releases of Telespace and Genesis set forth in Section 5 of the Agreement are reaffirmed as contingent upon Telespace's and Genesis' satisfactory performance of their obligations under the Agreement and this Amendment. Except as modified herein, all other terms and conditions of the Agreement remain unchanged and in full force and effect. This Amendment and the Agreement are complete agreements between the Parties regarding this subject matter. There are no conditions, understandings, agreements, representations, or warranties, expressed or implied, which are not specified herein, and in the event of a conflict between the Agreement and this Amendment, the terms of this Amendment will prevail with regard to the subject matter set forth herein.

Dated: October 9, 2015

**Telespace, LLC**


By: _____

Name: James Goodman

Title: Managing Member


Dated: October 9, 2015

**Genesis Networks Enterprises, LLC**


By: _____

Name: James Goodman

Title: Chief Executive Officer


2

Dated: October ____, 2015

**Cisco Systems Capital Corporation**

By: _Amy Wingate_

Name: _Amy Wingate_

Title: _Chief Credit Risk Officer_

**APPROVED AS TO FORM BY:**

Dated: October _9_, 2015

**Tuggey McCutcheon, LLP**

By: _____

Name: Matthew Stern

Title: Attorney for Telespace, LLC

Dated: October _9_, 2015

**Tuggey McCutcheon, LLP**

By: _____

Name: Matthew Stern

Title: Attorney for Genesis Networks Enterprises, LLC

Dated: October ____, 2015

**Bialson, Bergen & Schwab**

By: _____

Name: Thomas Burg

Title: Attorney for Cisco Systems Capital Corp.

3